IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER MASSE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-5446 |
| | : | |
| 21ST CENTURY CYBER CHARTER | : | |
| SCHOOL, et al. | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                             **May 26, 2026**

Plaintiff Jennifer Masse, a former employee of 21st Century Cyber Charter School (the School), brings claims against the School, its Business Administrator (Jonathan Shiota), and its Human Resources Director (Sharif Kamel), alleging violations of the Due Process Clause of the Fourteenth Amendment and numerous state and federal anti-discrimination statutes, including the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.  The School and Shiota move to dismiss the first count of Masse's ten-count Amended Complaint, in which Masse asserts an FMLA interference claim.  As currently pled, Masse's interference claim focuses on the denial of her request for a temporary remote work accommodation, without which she could not afford to take unpaid FMLA leave.  The FMLA, however, entitles eligible employees to leave, not remote work.  Because the Amended Complaint does not sufficiently allege interference with Masse's exercise or attempted exercise of FMLA rights, the motion will be granted; however, Masse will be provided an opportunity to file a new complaint to amend her FMLA interference claim.

## BACKGROUND

Plaintiff Jennifer Masse worked as a Confidential Secretary in the School's business office from November 2022 until April 2025, when her employment was terminated.  Am. Compl. ¶¶ 18, 114, ECF No. 17.  She was initially employed through a third party (SOS Group, Inc.), but was hired by the School on a full-time basis in November 2023.  *Id.* ¶¶ 18, 20.  In May 2024, Defendant

Jonathan Shiota became the School's Business Administrator and began serving as Masse's supervisor. *Id.* ¶ 26.

Masse has been diagnosed with, and continues to experience, bipolar disorder, personality disorder, and depression, for which she receives treatment. *Id.* ¶¶ 49-50. She is also blind in her right eye as the result of a 2022 surgery that severed an optic nerve. *Id.* ¶¶ 51-52. The damage from the surgery continues to cause Masse chronic pain for which she takes daily medication. *Id.* ¶ 53. She also suffers from post-traumatic stress disorder (PTSD) for which she receives treatment. *Id.* ¶ 54.

While supervising Masse, Shiota exhibited a discriminatory and hostile attitude toward her. *Id.* ¶ 30. For example, in August 2024, Shiota spoke to Masse in a harsh and threatening manner, accusing her of involving herself in matters outside of her job duties based on a suggestion she made to a coworker. *Id.* ¶¶ 28-29. Shiota also exhibited hostility toward Masse (1) in the fall of 2024 in response to her inquiry whether she was entitled to a pay raise, *id.* ¶ 31, (2) on another occasion when she expressed concerns about attending certain off-site school events, *id.*, and (3) in March 2025, when he ridiculed her in the presence of her coworkers for making a facilities request to repair the School's employee refrigerator, something Shiota had asked her to do, *id.* ¶¶ 31, 38-40. Shiota frequently used the same hostile tone, facial expression, and body language that he directed toward Masse in the March 2025 encounter in his one-on-one interactions with her. *Id.* ¶¶ 44-45.

The FMLA interference claim is based on events that occurred in December 2024. At that time, Masse was experiencing distress as a result of her PTSD, pain, and depression, and was accepted into a three-week partial-hospitalization treatment program that involved daily outpatient care ending at 2:30 p.m. *Id.* ¶¶ 55-60. After consulting with her licensed professional counselor,

Masse concluded the treatment program was essential to maintain her mental health. *Id.* ¶ 59. Toward the end of December 2024, Masse met with Shiota, requested leave under the FMLA to attend the treatment program, and explained the reasons for the request. *Id.* ¶¶ 61-66. In addition to requesting FMLA leave, Masse requested an accommodation to permit her to work remotely from home from 3:30 to 7:00 p.m. while attending the three-week treatment program. *Id.* ¶ 67. Masse requested the accommodation because she could not work in person during regular business hours while attending the program but could not afford to work without pay for three weeks. *Id.* ¶¶ 68-69. Given her financial circumstances, Masse could not attend the treatment program unless she was allowed to work remotely from home during evening hours. *Id.* ¶ 70.

Although other, younger and non-disabled School employees have been permitted to work remotely as an accommodation, Shiota denied Masse's request for a similar accommodation. *Id.* ¶¶ 71-82. Neither Shiota nor the School's human resources staff, who were aware of Masse's request for a temporary remote work arrangement, engaged in any type of interactive process with Masse after Shiota denied the requested accommodation. *Id.* ¶¶ 83-85. Because Shiota refused to provide Masse an accommodation to work from home for three weeks, she was not able to attend the treatment program and continued her regular work schedule to the detriment of her mental health. *Id.* ¶¶ 90-91.

In the first count of her Amended Complaint, Masse alleges the School and Shiota "violated the FMLA by unlawfully interfering with, restraining, and/or denying the exercise of [her] FMLA rights by, *inter alia*, failing or refusing to provide [her] with FMLA leave and accommodation she sought in December 2024." *Id.* ¶ 154. Masse also asserts claims against the School, Shiota, and/or Human Resources Director Sharif Kamel for FMLA retaliation (Count 2), denial of due process

3

(Count 6), and violations of various state and federal anti-discrimination statutes (Counts 3-5, 7-10).

On February 18, 2026, the School and Shiota moved to dismiss only the FMLA interference claim.  Masse opposes the motion.

**LEGAL STANDARD**

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In evaluating a Rule 12(b)(6) motion, a district court must separate the legal and factual elements of the plaintiff's claims.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court must assume the truth of all well-pleaded factual allegations, construe the facts and the reasonable inferences therefrom "in a light most favorable to the [plaintiff,]" and "determine whether they 'plausibly give rise to an entitlement to relief.'"  *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (alteration in original) (citations omitted).  At the motion to dismiss stage, the court may consider "only the complaint, exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents."  *Mayer v. Belechick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (recognizing a claim is based on a document if the

document is "integral to or explicitly relied upon in the complaint" (emphasis omitted) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997))).[1]

**DISCUSSION**

Defendants argue the Amended Complaint fails to state a plausible FMLA interference claim because the reason Masse did not take FMLA leave was the denial of her request for a remote work accommodation, which is not a benefit to which she was entitled under the FMLA. Masse does not dispute Defendants' assertion that the FMLA does not require an employer to accommodate an employee's remote work request. She instead argues the Amended Complaint states a plausible claim that Defendants interfered with her FMLA rights by their "hostile response to her FMLA and remote work requests," which "discouraged, dissuaded and/or chilled her from exercising FMLA rights." Pl.'s Opp'n 5, ECF No. 22. Masse alternatively seeks leave to amend her FMLA interference claim. The Court agrees the interference claim, as currently pled, is insufficient but will grant Masse leave to amend the claim.

Under the FMLA, "eligible employees are entitled to 12 workweeks of leave during any 12-month period due to an employee's own serious health condition," among other reasons. *Ross v. Gilhuly*, 755 F.3d 185, 191 (3d Cir. 2014) (citing 29 U.S.C. § 2612(a)). While the FMLA requires employers to provide up to 12 weeks of unpaid leave, *see* 29 U.S.C. § 2612(d), "[i]t does not entitle employees to work remotely . . . . Remote work may be another form of

---

[1] In support of their motion to dismiss, Defendants have produced a January 13, 2025 email exchange between Masse and Karis Lane, a Human Resources Generalist at the School. Defs.' Mot. Dismiss Ex. 1, ECF No. 19-3. In response to an email from Lane following up on the status of Masse's FMLA paperwork, Masse stated, "Yes, I'm going to hold off on taking FMLA for now. If things change, I will let you know." *Id.* The parties dispute whether the Court may consider the emails at the motion to dismiss stage, but the Court need not decide the issue to resolve the instant motion to dismiss. The Court therefore does not consider the emails at this stage.

accommodation, but it is not 'leave' within the meaning of the [FMLA]." *Kemp v. Regeneron Pharm., Inc.*, 117 F.4th 63, 70 (2d Cir. 2024); *see also Taylor-Novotny v. Health Alliance Med. Plans, Inc.*, 772 F.3d 478, 498 (7th Cir. 2014) (holding an employee's request to be permitted to work remotely two half-days per week rather taking FMLA leave for the time "was not a request under the FMLA, which requires employers only to provide up to twelve weeks of *unpaid leave*").[2]

The FMLA's interference provision makes it unlawful "for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). To establish an FMLA interference claim, an employee must show

> (1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA.

*Ross*, 755 F.3d at 191-92. The Third Circuit has also recognized, however, that an employee may succeed on an FMLA interference claim by showing she "was entitled to benefits under the FMLA that [her] employer *discouraged* . . . [her] from using." *Rodriquez v. Se. Pa. Transp. Auth.*, 119 F.4th 296, 298 (3d Cir. 2024) (emphasis added); *see also Conoshenti v. Pub. Serv. Elec. & Gas*

---

[2] *See also Garland-Gonzalez v. Universal Grp., Inc.*, No. 19-1998, 2024 WL 3252657, at *1 (1st Cir. July 1, 2024) (holding a request for a remote work arrangement "does not implicate . . . FMLA rights"); *Anderson v. McIntosh Constr., LLC*, 597 F. App'x 313, 314 (6th Cir. 2015) (noting that "working from home is still working," so a request to work from home is "not a request for leave under the FMLA"); *Kanyangarara v. Step By Step, Inc.*, No. 22-2264, 2023 WL 6321769, at *5 (E.D. Pa. Sept. 28, 2023) (noting an employee's intent to work from home is "different from an intent to take FMLA leave, which involves not working"); *cf. Keyhani v. Trs. of Univ. of Pa.*, No. 17-3092, 2019 WL 2568279, at *7 (E.D. Pa. June 21, 2019) (suggesting that forcing an employee with a serious health condition to use FMLA leave "rather than giving her preferred accommodation of working from home" does not give rise to an FMLA interference claim under an "involuntary-leave" theory), *aff'd*, 812 F. App'x 88 (3d Cir. 2020).

*Co.*, 364 F.3d 135, 142 (3d Cir. 2004) (noting Department of Labor regulations provide that "'[i]nterfering with' the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave" (quoting 29 C.F.R. § 825.220(b))). And district courts within the Third Circuit have permitted such claims, recognizing that actions such as "pressuring the employee to use leave at another time, proposing the employee work remotely rather than taking leave, and criticizing the employee for taking leave" may constitute the kind of "affirmative step by the employer to discourage use of FMLA leave" required to show interference under a discouragement theory. *Farkas v. NRA Grp. LLC*, No. 15-356, 2016 WL 3997432, at *6 (M.D. Pa. July 26, 2016); *see also Woods v. AstraZeneca Pharm., L.P.*, 659 F. Supp. 3d 512, 539 (M.D. Pa. 2023) (holding evidence that plaintiff was "subjected to extremely disparaging comments and treatment about her need for an use of medical/FMLA leave" was sufficient to create a genuine issue of material fact as to discouragement); *Fisher v. Schott*, No. 13-5549, 2014 WL 6474216, at *1, 4 (D.N.J. Nov. 19, 2014) (holding allegations that employer "angrily confronted" plaintiff upon her return from an initial FMLA leave, accused her of "'abandoning' her job" and "lying about using the leave to care for her Father," "threatened to fire her," and then "began a campaign of harassment directed at [P]laintiff," resulting in the need for a second FMLA leave, were sufficient to state a claim for FMLA interference on a discouragement theory (alteration in original)).

Masse argues the Amended Complaint pleads a plausible FMLA interference claim based on allegations that Defendants' "hostile response to her FMLA and remote work requests discouraged, dissuaded and/or chilled her from exercising FMLA rights." Pl.'s Opp'n 5. The Court disagrees. As discussed above, the Amended Complaint describes Shiota's general pattern of hostility toward Masse throughout his tenure as her supervisor. *See* Am. Compl. ¶¶ 30, 44-45.

It also provides several examples of hostile behavior by Shiota. *See id.* ¶¶ 28-29, 31, 38-40. Contrary to Masse's assertion, however, none of those examples relates to her request for FMLA leave. As to that request, the Amended Complaint alleges only that when Masse requested FMLA leave to attend the three-week treatment program, she also asked for an accommodation to work remotely from 3:30 to 7:00 p.m. while attending the program, and that Shiota "[s]ummarily den[ied] *the requested accommodation*" on the ground that her remote work time could not be tracked through the School's cloud-based software. *Id.* ¶¶ 62, 67, 82, 86 (emphasis added). The Amended Complaint does not allege Shiota exhibited hostility toward Masse with respect to her request for FMLA leave—or that he even denied that request.[3] Masse argues Shiota's hostile reaction can be inferred from the allegations that he summarily denied her remote work request without engaging in an interactive process to discuss the temporary accommodation with her. *See* Pl.'s Opp'n 7. But the FMLA entitles an eligible employee to leave, not remote work, so these allegations, standing alone, are not a sufficient basis from which Shiota's hostility to the FMLA leave request can be inferred.

Although the Amended Complaint fails to state a plausible FMLA interference claim, Masse's arguments in opposition to the motion to dismiss suggest that if permitted to amend, she may be able to do so. The Court will therefore grant Defendants' motion to dismiss and permit Masse to file a new complaint to amend her FMLA interference claim.

An appropriate order follows.

---

[3] Count I alleges Defendants "fail[ed] or refus[ed] to provide Plaintiff with FMLA leave and accommodation she sought in December 2024," Am. Compl. ¶ 154, but the Amended Complaint elsewhere references only Shiota's denial of a remote work accommodation, *id.* ¶¶ 82, 86. Notably, Masse argues the interference claim is adequately pled based on the theory that Defendants "discouraged, dissuaded and/or chilled her from exercising FMLA rights." Pl.'s Opp'n 5.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.